**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-30050
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM SCOTT, JR.,
a/k/a Animal,

Defendant-Appellant.

.

Appeal from the United States District Court
for the Eastern District of Louisiana
(95-CR-101-G)

July 31, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

William Scott, Jr., has appealed the life sentence which he received, as an armed career criminal, upon his guilty plea of possessing a firearm as a convicted felon. Scott contends that the district court erred by departing upward to a life sentence and by ordering his sentence to run consecutively to several concurrent state sentences which he received. Having carefully reviewed the briefs and all the arguments, we affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review a district court's decision to depart from the Sentencing Guidelines for abuse of discretion. *Koon v. United States*, 116 S.Ct. 2035, 2047 (1996). A district court's decision to depart is due substantial deference, "for it embodies the traditional exercise of discretion by a sentencing court." *United States v. Winters*, 105 F.3d 200, 205 (5th Cir. 1997).

Here, the district court departed upwardly six levels to level 37. The court found that departure was appropriate because Scott's criminal history was underrepresented by criminal history category (CHC) VI, and because many of his prior offenses were "of an extremely violent nature." Scott argues that the district court "did not take into consideration the serious mitigating factor of [his] history of mental illness." We disagree. The district court did not abuse its discretion by departing upward because the Sentencing Commission has expressly encouraged departures if the defendant's criminal history is underrepresented by CHC VI and he is likely to recidivate. *See* U.S.S.G. § 4A1.3, p.s. Further, the record shows that the district court was well informed concerning Scott's mental history and condition, so that its failure to specifically advert to this as a mitigating factor was not error. We therefore reject this argument.

Next, Scott asserts, for the first time on appeal, that the decision to run his federal sentence consecutive to his state sentences violates the Eighth Amendment as cruel and unusual punishment. After sentencing, Scott's defense counsel made only a general objection to the court's decision to make the sentences run consecutively; he did not state any basis for his objection. Accordingly, we review arguments not raised in the district court for plain error only. *Douglass v. United Serv. Auto. Assn.*, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc). Scott has shown no plain error regarding this argument. Specifically, Scott has cited no authority to support his argument that his consecutive sentence violates his Eighth Amendment rights. Furthermore, the district court was authorized by law

to impose upon Scott a concurrent, partially concurrent, or consecutive sentence "to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3; *see also* 18 U.S.C. § 3584(a); *United States v. Gonzalez*, 117 S.Ct. 1032, 1036 (1997). Thus, we hold that Scott's claim is without merit.

Having found no abuse of discretion by the district court, we AFFIRM.

AFFIRMED.